UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT R. WITHAM, M.D.,

    Plaintiff,

v.

CLALLAM COUNTY PUBLIC HOSPITAL DISTRICT 2, d/b/a OLYMPIC MEDICAL CENTER, a Washington municipal Corporation; and OLYMPIC HOSPITALIST PHYSICIANS, P.S., a Washington corporation,

    Defendants.

Case No. C09-5410RJB

ORDER ON MOTION FOR PARTIAL DISMISSAL PURSUANT TO RULE 12 (b)(6) and ON MOTION FOR LEAVE TO AMEND THE COMPLAINT

This matter comes before the Court on Defendant Clallam County Public Hospital District No. 2's Motion for Partial Dismissal Pursuant to Rule 12 (b)(6) (Dkt. 9), Plaintiff's Motion to Certify a Question to the Washington State Supreme Court (Dkt. 11), and Plaintiff's Motion for Leave to Amend the Complaint (Dkt. 11). The court has reviewed the pleadings filed in favor and opposition to the motions and the remainder of the record herein.

## I.    **FACTS AND PROCEDURAL HISTORY**

On July 8, 2009, the plaintiff filed this complaint, alleging claims under § 4 of the Clayton Act, 15 U.S.C. §§ 15-26 "seeking damages and injunctive relief from economic injury caused by defendant to

ORDER
Page - 1

competition and commerce in the relevant market and to the business property and livelihood of [Plaintiff] Dr. Witham caused by defendant's violation of § 2 of the Sherman Act, 15 U.S.C. § 2." Dkt. 1 at 2. The plaintiff also asserts claims under Washington's tort law and the Washington State Consumer Protection Act ("WCPA"). *Id.* at 3.

According to the complaint, Plaintiff Robert R. Witham, M.D., is a resident of Clallam County, Washington. *Id.* at 1. He is board-certified in internal medicine and limits his practice to oncology and gastroenterology. *Id.* at 1-2.

The complaint alleges that Defendant Clallam County Public Hospital District No. 2, d/b/a Olympic Medical Center ("OMC"), is "a Washington non-profit municipal corporation formed in November 1951 pursuant to [Wash. Rev. Code] 70.44, *et seq.*, to provide hospital services to the residents of Clallam County, Washington." *Id.* The complaint alleges that Defendant Olympic Hospitalist Physicians, P.S., ("OHP") "provides hospitalist services at OMC pursuant to a contract between OHP and OMC." *Id.*

Dr. Witham alleges in his complaint that the market for medical oncology services in the Port Angeles and Sequim area was relatively open and competitively priced between 1984 and 2007. Dkt. 1 ¶ 18. Dr. Witham's private practice peaked in 2005, when he treated more than 100 cancer care patients per month, mostly in his office away from the hospital. *Id.* According to the complaint, OMC branched off from its prior business practice of providing hospital care and services for doctors and their patients, and began hiring physicians to directly provide medical services. *Id.* ¶¶ 26-27. Dr. Witham alleges that OMC formed its own medical group known as Olympic Medical Physicians ("OMP"), and the physicians employed by OMP began to compete with independent physicians in Clallam County. According to Dr. Witham, OMC now monopolizes and controls the market for physician services in Clallam County. *Id.*

Dr. Witham further alleges that OMC has eliminated competition by making arrangements with formerly independent physicians to provide oncology referrals solely to OMC-employed physicians. *Id.* ¶¶ 41-45. Additionally, Dr. Witham alleges that the hospitalists employed by OMC, as well as the group of hospitalists that contract with OMC known collectively as OHP, have further caused referrals for specialty physicians' services such as oncology to go only to OMC-employed specialists. *Id.* ¶¶ 49-53. Dr. Witham alleges that these hospitalists have intentionally interfered with his practice by actively steering his patients away from his care and into the care of OMC-employed physicians. Dkt. 1 ¶¶ 47-53.

Dr. Witham alleges that the relevant geographic market in this action is Clallam County, Washington, and that OMC owns and operates the only cancer care treatment facilities in the county. *Id.* ¶ 58. Dr. Witham alleges that the relevant market in this action is "the provision of adult medical oncology services, including the acquisition and administration of cancer care drugs and other pharmaceuticals used in the treatment of cancer, within the Relevant Geographic Market." *Id.* ¶¶ 58-59. According to Dr. Witham, OMC's market share of medical oncology services was zero in 1990, and has now reached 95 percent. *Id.* ¶ 61.

Dr. Witham alleges that he is the only reasonable alternative for patients in need of medical oncology services in the relevant geographic market because there are no other independent oncologists practicing in Clallam County that are unaffiliated with OMC. *Id.* ¶ 62.

Dr. Witham makes the following claims in his complaint:

(1) that OMC has violated Section 2 of the Sherman Antitrust Act, 15 U.S.C. § 2, by taking anticompetitive actions with the intent to monopolize the relevant market;

(2) that OMC has violated the Washington Consumer Protection Act (WCPA), Wash. Rev. Code § 19.86.040, by monopolizing intrastate commerce for the provision of medical oncology services in Clallam County;

(3) that OMC and OHP have violated the WCPA, Wash. Rev. Code § 19.86.020, by committing unfair and deceptive actions to further their own economic interests at the expense of the plaintiff;

(4) that OMC and OHP have committed the tort of tortious interference in a contractual relationship and business expectancies by interfering with the contracts that Dr. Witham enjoyed with patients and referring physicians; and

(5) that OMC and OHP have committed the tort of commercial disparagement by publishing or disseminating false statements about Dr. Witham to intentionally injure Dr. Witham's reputation and to obtain a competitive advantage.

*Id.* at 19-26.

Defendant OMC now files a motion for partial dismissal of the plaintiff's claims, arguing that: 1) the plaintiff has failed to state a claim for antitrust damages under the federal statutes because OMC is entitled to absolute immunity under the Local Government Antitrust Act ("LGAA"), 15 U.S.C. § 35; and 2) the plaintiff has failed to state claims under WCPA because OMC is not subject to suit under the Act. Dkt. 9. Specifically, OMC moves for dismissal of plaintiff's claims one, two, and three. Dkt. 9.

Plaintiff responds, arguing that: 1) OMC is liable under the Sherman Antitrust Act because it is engaged in the illegal corporate practice of medicine which is not protected by the LGAA, and that even if

OMC were immune, injunction, costs, and attorney fees could still be awarded; and 2) OMC is liable under the WCPA because the Act prohibits all unfair methods of competition, not just those entered into by "persons" as defined in the Act, and because OMC has acted outside of its statutory authority thereby losing any protection as a municipal corporation. Dkt. 11.

In the event that the court dismisses the plaintiff's claims under the WCPA, the plaintiff argues that the local law regarding whether a municipal corporation acting outside of its statutory authority is exempted from the WCPA has not been clearly determined and requests the court to certify the question to the Washington Supreme Court pursuant to Wash. Rev. Code § 2.60.020. Dkt. 11 at 14 n.6.

The plaintiff additionally moves to amend his complaint if the court grants OMC's motion to dismiss based on any pleading deficiency. Dkt. 11 at 17 n.7.

Defendant OMC replies, arguing that: 1) the LGAA affords local government entities like OMC absolute immunity from antitrust damages claims; 2) OMC is not subject to suit under any provision of the WCPA; 3) even if the plaintiff's argument regarding the corporate practice of medicine were relevant, OMC has acted within its statutory authority; and 4) the court should deny the plaintiff's request to amend his complaint. Dkt. 13.

## II. <u>DISCUSSION</u>

### A. MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Fed. R. Civ. P. 12 (b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Dismissal of a complaint may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*internal citations omitted*).

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937,

1949 (2009)(*citing Twombly*, 550 U.S. at 570). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. First, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*, at 1950. Secondly, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "In sum, for a complaint to survive a motion to dismiss the non-conclusory factual content, and reasonable inferences from that content must be plausibly suggestive of a claim entitling the pleader to relief." *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009).

If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should be afforded the opportunity to amend the complaint before dismissal. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983). If the claim is not based on a proper legal theory, the claim should be dismissed. *Id*. "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Moss,* 572 F.3d at 972.

### B. MOTION TO DISMISS CLAIM FOR DAMAGES UNDER FEDERAL STATUTES PURSUANT TO LOCAL GOVERNMENT ANTITRUST ACT

Defendant OMC argues that it is immune from damages under federal statutes because it acts as a local government and is granted absolute immunity from antitrust damages under LGAA. The plaintiff does not dispute the defendant's contention that OMC is a local government within the meaning of the LGAA, but argues that the protection afforded by the LGAA only extends while the governmental entity is acting within its statutorily defined authority.

OMC argues a statutory construction of the LGAA that specifically grants absolute immunity to local governments and qualified immunity to individuals. Under the LGAA, no damages, interest on damages, costs, or attorney's fees may be recovered for Sherman Act violations "from any local government, or official or employee thereof acting in an official capacity." 15 U.S.C. § 35(a). To OMC, the placement of the comma within that sentence after "local government," and the lack of a comma after "official or employee thereof," indicates that Congress intentionally distinguished between absolute liability for a government and qualified immunity for an individual.

OMC draws further support for this interpretation from the conclusion of the court in *Palm Springs*

*Medical Clinic, Inc. v. Desert Hosp.*, 628 F. Supp. 454 (C.D.Cal. 1986). The District Court in *Palm Springs* undertook a comprehensive analysis of the LGAA's statutory construction and legislative history to conclude that local governments are indeed entitled to absolute immunity under the Act. *See id.* at 459-63.

Conversely, the plaintiff cites no authority stating that local governments enjoy a limited or qualified immunity from antitrust damages; the plaintiff's attempts to find support with a single District Court case, an inapt analogy, and a footnote taken out of context from *Palm Springs*. First, the plaintiff cites to *Delta Turner, Ltd v. Grand Rapids-Kent County Convention/Arena Auth.*, 600 F. Supp. 2d 920 (W.D. Mich. 2009), for the proposition that the LGAA does not provide absolute immunity for a local government that acts outside of its statutory authority. However, the District Court in *Delta Turner* simply refused to rule on the question of immunity under the LGAA based on the development of the factual record in that case. *See id.* at 933.

Second, the plaintiff draws the analogy of OMC purchasing every hotel and motel within the relevant geographic market to charge inflated prices for its own benefit as a clearer example of a local government acting outside of its statutory authority. Aside from being irrelevant to the determination of whether the LGAA provides local governments absolute immunity or not, this analogy fails because the actions considered are so far outside the scope of the governmental unit's mandate to be inapposite. This case deals with a county hospital district and the plaintiff's claim that the district's provision of medical care to patients violates federal antitrust laws. A hospital district providing medical services is not clearly reaching beyond its statutory authority, as the case might be with a hospital district gaining an unfair advantage in hotel pricing.

Lastly, the plaintiff excerpts a portion of a footnote from *Palm Springs* to contend that dismissal was appropriate in that case solely because the plaintiff failed to allege in the complaint that the governmental unit had acted outside of its statutory authority. The plaintiff concludes that *Palm Springs* should not be followed in this case because here the plaintiff has explicitly alleged that OMC has acted outside of its statutory authority. However, after making the statement relied on by the plaintiff, the cited footnote proceeds to discuss how the House and Senate versions of the LGAA contemplated different levels of immunity from antitrust actions. In the end, the court declined to adopt any "good faith"

requirement into analysis of whether local government action fell within the LGAA's protections. *Palm Springs*, 628 F. Supp. at 458 n.3. Therefore, the decision in *Palm Springs* to grant absolute immunity to the defendant's actions was not based solely on a pleading error; the plaintiff here cannot rely on curing that pleading error as the only grounds to distinguish the *Palm Springs* holding.

Rather, the court agrees with the well-reasoned decision of the *Palm Springs* court, and therefore agrees with OMC that the LGAA shields it from antitrust damages claims. *Palm Springs*, 628 F. Supp. at 464; *accord Patel v. Midland Memorial Hospital and Medical Center*, 298 F.3d 333, 346 (5th Cir. 2002)(holding that where parties agreed that hospital was a political subdivision of the state, it was entitled to immunity under the LGAA); *Crosby v. Hosp. Auth. Of Valdosta and Lowndes County*, 93 F.3d 1515, 1535 (11th Cir. 1996)(holding that individual board members, when taking official action directed by a local government, are equally covered under the LGAA as the larger Hospital Authority); *Cohn v. Bond*, 953 F.2d 154, 157 (4th Cir. 1991)(holding that hospital, staff, administrators, as well as non-employees who act at the direction of hospital staff, are all immune from antitrust damages under the LGAA). Accordingly, the plaintiff's first claim for damages, alleging violations of the Sherman Antitrust Act, 15 U.S.C. § 2, should be dismissed.

The defendant concedes that dismissal of the plaintiff's claim for damages does not dismiss his Sherman Act claims for which he seeks injunctive relief under the Clayton Act. Dkt. 13, at 10. The plaintiff's claim for injunctive relief, costs, and attorneys' fees for Sherman Act violations should remain. *Lancaster Community Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 404 n.14 (9th Cir. 1991) (*citing* 15 U.S.C. § 26 (providing that where Plaintiff substantially prevails on Sherman Act claim for injunctive relief the Court shall award the costs and reasonable attorneys' fee)).

**C. DEFENDANT OMC'S MOTION TO DISMISS CLAIMS UNDER WCPA AND PLAINTIFF'S MOTION TO CERTIFY QUESTION TO WASHINGTON SUPREME COURT**

1. <u>Motion to Dismiss Claims under WCPA</u>

OMC moves for dismissal of the plaintiff's second and third claims on the grounds that municipal corporations are exempt from the WCPA. In support of this argument, OMC cites to *Washington Natural Gas Co. v. Pub. Util. Dist. No. 1 of Snohomish County*, 77 Wash. 2d 94 (1969). Dkt. 9 at 8-9. The plaintiff disputes OMC's reliance on *Washington Natural Gas*, instead urging a statutory construction of

the WCPA that would allow municipal corporations to be held liable under § 19.86.020 of the WCPA; additionally, the plaintiff argues that OMC is not exempt from the WCPA because it acted outside of its statutory authority. Dkt. 11 at 11. The plaintiff concedes the fact that OMC is classified as a municipal corporation. Dkt. 1 ¶ 2.

The definitions section of the WCPA states that the term "'person' shall include, where applicable, natural persons, corporations, trusts, unincorporated associations and partnerships." Wash. Rev. Code § 19.86.010. Based in part on this definition, the Washington Supreme Court has stated that,

> Nowhere does [WCPA's] language imply that municipal corporations or political subdivisions of the state are within the definition of persons and entities made subject to it. Thus, the legislature did not employ language designed to bring public utility districts within the operation of the statute nor leave room to include them within it by construction.

*Washington Natural Gas*, 77 Wash. 2d at 98. The plaintiff argues that this reasoning does not bar a claim against OMC under § 19.86.020, because that section does not include the term "person" in it, but rather simply prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Wash. Rev. Code § 19.86.020. While the cited section of the WCPA may not specifically include the term "person," there remains nothing in the Act as a whole that would indicate that the legislature intended that specific section to apply beyond the meaning of "person" as defined in § 19.86.010.

The plaintiff further argues that holding OMC liable under the WCPA is consistent with the policies outlined by the Washington Supreme Court as stated in *Washington Natural Gas*. The plaintiff attempts to distinguish between municipal corporations such as public utility districts and irrigation cooperatives, entities that are highly monitored and regulated, and hospital districts that are subject to very little regulatory oversight. However, this is the exact argument that the Court disposed of in *Washington Natural Gas*, albeit concerning a public utility district instead of a hospital district. After explaining that the plaintiff was arguing that the utility district was acting in an area outside of regulatory control, the court clearly stated,

> Despite the persuasiveness of this argument and the hazards to the public welfare historically apparent from business, commercial and public utility monopolies, we think that the legislature intended to exempt municipal corporations from the operation but not the benefits of the Consumer Protection Act.

*Id.* at 98.

In its analysis in *Washington Natural Gas*, the Court did not concern itself with what type of activity the defendant had engaged in, or whether or not that activity was regulated; the defendant's status as a municipal corporation was dispositive. *Id*. Similarly, whether OMC acted within its statutory authority or not is not at issue here. The Washington Supreme Court has clearly declined to support the plaintiff's argument, holding that municipal corporations are statutorily exempt from the WCPA.

Lastly, the plaintiff argues that the legislature did not intend to exempt municipal corporations from the WCPA because of the provisions of the state health care antitrust safe-harbor statute. The health care antitrust safe-harbor statute, Wash. Rev. Code § 43.72.310(3), allows health care facilities, providers, and those involved in the development, delivery, and marketing of health care services to obtain immunity from antitrust laws by filing a petition with the state Department of Health. The plaintiff argues that this statute encompasses OMC as a hospital district, and therefore a ruling that allows OMC to be exempt from the WCPA would be redundant and meaningless; rather, the plaintiff argues, OMC could obtain immunity from antitrust actions by filing a petition with the state, which they did not do. However, this argument fails to recognize the fact that, as stated earlier, the Washington Supreme Court has clearly ruled that municipal corporations, including hospital districts, are exempt from the WCPA.

Accordingly, the plaintiff's second claim, alleging violations of the WCPA by monopolizing intrastate commerce for the provision of medical oncology services in Clallam County, should be dismissed; and the plaintiff's third claim, as it relates to OMC, alleging violations of the WCPA by committing unfair and deceptive actions to further its own economic interests at the expense of the plaintiff, should be dismissed.

    2.    Motion to Certify Question

The Washington Supreme Court has ruled on the exemption of municipal corporations from the WCPA in clear and unambiguous terms. *See Washington Natural Gas Co. v. Pub. Util. Dist. No. 1 of Snohomish County*, 77 Wash. 2d 94 (1969); *Williamson v. Grant County Pub. Hosp. Dist. No. 1*, 65 Wash. 2d 245, 251 (1964). Absent an issue of public importance that has not been resolved by the state courts, the court will not seek certification of a legal question that appears to be settled. *Cf. Kremen v. Cohen*, 325 F.3d 1035, 1037 (9th Cir. 2003)(certifying a significant question of state law that has not yet been resolved by state courts). The plaintiff's motion to certify the question of whether a municipal

corporation acting outside of its statutory authority is exempted from the WCPA should be denied.

### D. MOTION FOR LEAVE TO AMEND THE COMPLAINT

Fed. R. Civ. P. 15(a)(1) permits a party to amend the complaint before being served with a responsive pleading; or within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar. In all other cases, Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." In deciding whether to grant leave to amend, the court considers five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. Futility alone can justify the denial of a motion to amend." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)(*internal quotations and citations omitted*).

The LGAA grants absolute immunity to local governments for antitrust damages actions. Therefore, as plaintiff has conceded that OMC is a local government as considered by the LGAA, there is no alternative pleading that the plaintiff can make to salvage claim one of his complaint as it relates to damages.

Similarly, the WCPA clearly exempts municipal corporations from the Act. Therefore, as plaintiff has conceded that OMC is a municipal corporation as considered by the applicable state code, there is no alternative pleading that the plaintiff can make to salvage claims two or three of his complaint.

The plaintiff's footnote motion for leave to amend his complaint should be denied.

### III. ORDER

Therefore, it is hereby, **ORDERED** that:

- Defendant Clallam County Public Hospital District No. 2's Motion for Partial Dismissal Pursuant to Rule 12 (b)(6) (Dkt. 9) is **GRANTED**, and claim one of the complaint only insofar as it relates to damages is **DISMISSED**, claim two of the complaint is **DISMISSED**, and claim three of the complaint as it relates to Defendant Olympic Medical Center is **DISMISSED**;
- Plaintiff's Motion to Certify a Question to the Washington State Supreme Court (Dkt. 11) is **DENIED**; and

1 • Plaintiff's Motion for Leave to Amend the Complaint (Dkt. 11) is **DENIED**.

2     The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record
3 and to any party appearing *pro se* at said party's last known address.

4     DATED this 15th day of October, 2009.

_____
Robert J. Bryan
United States District Judge