1
2
3
4
5
6
7
8
9                      UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
10                               AT TACOMA
11
12   ROBERT R. WITHAM, M.D.,
13                Plaintiff,                    Case No.  C09-5410RJB
14         v.
                                               ORDER ON MOTION FOR
15   CLALLAM COUNTY PUBLIC HOSPITAL            DISMISSAL OF PLAINTIFF'S
     DISTRICT 2, d/b/a OLYMPIC MEDICAL        UNFAIR COMPETITION CLAIM
16   CENTER, a Washington municipal            PURSUANT TO RULE 12(b)(6)
     Corporation; and OLYMPIC HOSPITALIST
17   PHYSICIANS, P.S., a Washington
     corporation,
18
                 Defendants.
19
20
21         This matter comes before the Court on Defendant Clallam County Public Hospital District No. 2's

22   Motion for Dismissal of Plaintiff's Unfair Competition Claim Pursuant to Rule 12(b)(6). Dkt. 23.  The

23   court has reviewed the pleadings filed in favor and opposition to the motion and the remainder of the

24   record herein.

25                              PROCEDURAL HISTORY

26         On July 8, 2009, the plaintiff filed his original complaint, alleging claims under § 4 of the Clayton

27   Act, 15 U.S.C. §§ 15-26  "seeking damages and injunctive relief from economic injury caused by defendant

28   to competition and commerce in the relevant market and to the business property and livelihood of

ORDER
Page - 1

[Plaintiff] Dr. Witham caused by defendant's violation of § 2 of the Sherman Act, 15 U.S.C. § 2." Dkt. 1 at 2. The plaintiff also asserted claims under Washington's tort law and the Washington State Consumer Protection Act (WCPA). *Id.* at 3.

On October 15, 2009, the court issued an Order, dismissing plaintiff's claim for damages (but not for injunctive relief) under the Sherman Act; and dismissed plaintiff's claim under the CPA as it related to OMC. Dkt. 15.

On November 12, 2009, on stipulation of all parties, the plaintiff filed a First Amended Complaint. Dkt. 19. The plaintiff's amended complaint contains five claims: (1) violation of Section 2 of the Sherman Antitrust Act, against OMC; (2) unfair competition, against OMC and OHP; (3); violation of the CPA, against OHP; (4) tortious interference in a contractual relationship and business expectancies, against OMC and OHP; and (5) commercial disparagement, against OMC and OHP. Dkt. 19.

On November 25, 2009, defendant OMC filed this motion to dismiss the plaintiff's unfair competition claim. Dkt. 23. The plaintiff responded on December 14, 2009. Dkt. 25. OMC filed a reply on December 18, 2009. Dkt. 27.

Defendant OHP joined OMC's motion to dismiss the unfair competition claim. Dkt. 24.

<u>RELEVANT FACTS</u>

The facts as alleged in Dr. Witham's amended complaint are identical to the facts alleged in his original complaint. Although they were summarized in the court's previous Order partially dismissing the plaintiff's claims, they bear repeating here.

According to the amended complaint, Plaintiff Robert R. Witham, M.D., is a resident of Clallam County, Washington. Dkt. 19 at 1. He is board-certified in internal medicine and limits his practice to oncology and gastroenterology. *Id.* at 1-2.

The amended complaint alleges that Defendant Clallam County Public Hospital District No. 2, d/b/a Olympic Medical Center (OMC), is "a Washington non-profit municipal corporation formed in November 1951 pursuant to [Wash. Rev. Code] 70.44, *et seq.*, to provide hospital services to the residents of Clallam County, Washington." *Id.* The complaint alleges that Defendant Olympic Hospitalist Physicians, P.S., (OHP) "provides hospitalist services at OMC pursuant to a contract between OHP and OMC." *Id.*

Dr. Witham alleges in his complaint that the market for medical oncology services in the Port

Angeles and Sequim area was relatively open and competitively priced between 1984 and 2007.  *Id.* ¶ 18.

Dr. Witham's private practice peaked in 2005, when he treated more than 100 cancer care patients per

month, mostly in his office away from the hospital.  *Id.*  According to the complaint, OMC branched off

from its prior business practice of providing hospital care and services for doctors and their patients, and

began hiring physicians to directly provide medical services.  *Id.* ¶¶ 26-27.  Dr. Witham alleges that OMC

formed its own medical group known as Olympic Medical Physicians (OMP), and the physicians employed

by OMP began to compete with independent physicians in Clallam County.  According to Dr. Witham,

OMC now monopolizes and controls the market for physician services in Clallam County.  *Id.*

Dr. Witham further alleges that OMC has eliminated competition by making arrangements with

formerly independent physicians to provide oncology referrals solely to OMC-employed physicians.  *Id.* ¶¶

41-45.  Additionally, Dr. Witham alleges that the hospitalists employed by OMC, as well as the group of

hospitalists that contract with OMC, known collectively as OHP, have further caused referrals for specialty

physicians' services such as oncology to go only to OMC-employed specialists.  *Id.* ¶¶ 49-53.  Dr. Witham

alleges that these hospitalists have intentionally interfered with his practice by actively steering his patients

away from his care and into the care of OMC-employed physicians.  Dkt. 1 ¶¶ 47-53.

Dr. Witham alleges that the relevant geographic market in this action is Clallam County,

Washington, and that OMC owns and operates the only cancer care treatment facilities in the county.  *Id.* ¶

58.  Dr. Witham alleges that the relevant market in this action is "the provision of adult medical oncology

services, including the acquisition and administration of cancer care drugs and other pharmaceuticals used

in the treatment of cancer, within the Relevant Geographic Market."  *Id.* ¶ 59.  According to Dr. Witham,

OMC's market share of medical oncology services was zero in 1990, and has now reached 95 percent.  *Id.*

¶ 61.

Dr. Witham alleges that he is the only reasonable alternative for patients in need of medical

oncology services in the relevant geographic market because there are no other independent oncologists

practicing in Clallam County that are unaffiliated with OMC.  *Id.* ¶ 62.

<u>MOTION TO DISMISS</u>

OMC moves the court to dismiss the plaintiff's second claim of unfair competition.  OMC argues

that a common law claim for unfair competition is limited, and applies only to allegations that a defendant

misappropriated trade values or substituted goods, causing confusion among consumers. Next, OMC argues that the WCPA provides the exclusive remedy for claims of "unfair methods of competition," which OMC contends is the basis for the plaintiff's second claim. Lastly, OMC argues that allowing the plaintiff's unfair competition claim to proceed would eviscerate the Washington State Legislature's intent to exempt municipal corporations from liability for unfair methods of competition. Dkt. 23.

In opposition to OMC's motion, Dr. Witham argues that his claim for common law unfair competition should proceed. Dr. Witham argues that Washington courts have previously relied on the Restatement (Third) of Unfair Competition, which recognizes claims of "unfair methods of competition." Next, Dr. Witham contends that the WCPA is not the exclusive remedy for claims of unfair competition. Lastly, Dr. Witham argues that his current common law unfair competition claim is not an attempt to circumvent the statutory limits on WCPA claims. Dkt. 25.

In reply, OMC argues that there is no common law cause of action for unfair methods of competition under Washington law; the amended complaint does not state a cause of action under current Washington law; and the Corporate Practice of Medicine issue, raised in plaintiff's motion, has no bearing on the motion. Dkt. 27.

### DISCUSSION

A. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Fed. R. Civ. P. 12 (b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Dismissal of a complaint may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*internal citations omitted*).

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct.

1937, 1949 (2009) (*citing Twombly*, 550 U.S. at 570).  A claim has "facial plausibility" when the party

seeking relief "pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id*.  First, "a court considering a motion to dismiss can

choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled

to the assumption of truth." *Id.* at 1950.  Secondly, "[w]hen there are well-pleaded factual allegations, a

court should assume their veracity and then determine whether they plausibly give rise to an entitlement to

relief." *Id.*  "In sum, for a complaint to survive a motion to dismiss the non-conclusory factual content,

and reasonable inferences from that content must be plausibly suggestive of a claim entitling the pleader to

relief." *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009).

If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should be

afforded the opportunity to amend the complaint before dismissal.  *Keniston v. Roberts*, 717 F.2d 1295,

1300 (9th Cir. 1983).  If the claim is not based on a proper legal theory, the claim should be dismissed.  *Id*.

"Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint

could not be saved by any amendment."  *Moss,* 572 F.3d at 972.

## B. COMMON LAW UNFAIR COMPETITION

This is not a situation in which the court must determine if the plaintiff has sufficiently alleged facts

to support a legal claim, as required under recent Supreme Court decisions.  The court is satisfied that the

plaintiff has shown sufficient "factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  Rather, the outcome of this

motion is dependent upon whether the plaintiff's specific cause of action should be recognized or whether

it has been preempted by the WCPA.

Both parties acknowledge that the court's previous Order, which dismissed the plaintiff's unfair

competition claim under the WCPA, was based on the statutory language of the WCPA and the

interpretation of that language by Washington courts.  Therefore, the municipal liability that defeated the

WCPA claim within the plaintiff's original complaint does not extend to any common law claim.  As

argued by the plaintiff, in dealing with common law unfair competition claims, Washington courts have

consistently relied on the Restatement (Third) of Unfair Competition to guide judicial decisionmaking. *See*

*e.g., Ed Nowogroski Ins. Inc. v. Rucker*, 137 Wash. 2d 427, 437 (1999).

The fact that Washington courts have considered the common law tort of unfair competition outside of the context of the WCPA indicates that the WCPA is not the exclusive remedy for such claims. Furthermore, because the Restatement allows for unfair competition claims that are based on unfair methods of competition, the court is not persuaded by OMC's argument that the common law claim can only survive on allegations that a defendant misappropriated trade values or substituted goods, causing confusion among consumers.

It is worth noting, as Dr. Witham points out, that the damages that can be awarded for a claim of unfair competition under the WCPA are substantially different than the damages that can be awarded from a common law claim of unfair competition. Because they coexist as two different causes of action with two different remedies, it is reasonable to conclude that allowing municipal corporations to be liable for the common law tort does not circumvent the state's interest in exempting those corporations from the WCPA. Accordingly, OMC's motion to dismiss should be denied.

## C. CORPORATE PRACTICE OF MEDICINE

In his response brief, Dr. Witham argues that his unfair competition claim is further bolstered by the fact that OMC is engaged in the corporate practice of medicine, which he alleges has been barred by Washington courts. Dkt. 25. Although Dr. Witham raises this issue to support his claim, the court's consideration of this matter is premature. As stated above, if his common law claim is recognized independent of the WCPA, the plaintiff has alleged sufficient facts to allow the claim to proceed.

It does appear that the question of the corporate practice of medicine will become relevant in this matter. While it appears that there has been little in the way of recent case law on the matter, particularly within Washington, the parties should consider whether, and when, it may be appropriate for this court to seek guidance on this issue from the Washington Supreme Court.

## III.    ORDER

Therefore, it is hereby, **ORDERED** that:

Defendant Clallam County Public Hospital District No. 2's Motion for Dismissal of Plaintiff's Unfair Competition Claim Pursuant to Rule 12(b)(6) (Dkt. 23) is **DENIED**.

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 23rd day of December, 2009.

Robert J Bryan
United States District Judge